UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DOUGLAS DOMINO, SR.** | * | CIVIL ACTION |
| **Plaintiff** | * | |
| | * | NO: 22-1760 |
| **V.** | * | |
| | * | JUDGE: |
| **GUARDIAN LIFE INSURANCE** | * | |
| **COMPANY OF AMERICA &** | * | |
| **GULF COAST EXPRESS** | * | |
| **CARRIERS, CORP.** | * | MAG.: |
| **Defendants** | * | |

## COMPLAINT

1.  Plaintiff, Douglas Domino, Sr. ("Plaintiff" or "Domino"), brings this action under the Employee Retirement Income Security Act ("ERISA") against Defendants, Guardian Life Insurance Company of America ("Guardian") and Gulf Coast Express Carriers, Corp. ("Gulf Coast") for benefits payable under a long-term disability plan ("Plan") sponsored by Gulf Coast. Disability determinations under the Plan were made by Guardian.

2.  This Complaint challenges the Defendants': 1) unreasonable and unlawful denial of long-term disability income benefits despite the substantial medical evidence demonstrating Domino's qualifications for said benefits; 2) a pattern of rejecting and/or ignoring the substantial evidence supporting Domino's eligibility for said benefits; 3) failure to comply with ERISA's procedural requirements; and 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of Domino's claim.

3.  Domino is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify his rights under the terms of the Plan, to obtain any equitable remedies available to him under the law, to obtain penalties against Gulf Cost for failure to provide a summary plan description when he first became covered by the plan and failure to

1

timely provide a summary plan description and plan document upon written request, and to recover costs, attorneys' fees, and pre- and post- suit interest as provided by ERISA.

4. This Court has personal jurisdiction over the defendants and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f), without regard to jurisdictional amount or diversity of citizenship.. In addition, venue is proper in this Court in that the Plan was administered in this district, defendant Gulf Coast is domiciled in this district, and the Defendants' breach of their ERISA obligations took place in this district.

5. Domino is domiciled in Rapides Parish, Louisiana. He has standing to bring this action under 29 U.S.C. § 1132(a).

6. Defendant Guardian is domiciled in New York and has its principle place of business in New York. Defendant Gulf Coast is domiciled in Louisiana and has its principle place of business in St. Charles Parish, Louisiana.

7. Domino is disabled due to multiple physical conditions, including but not limited to hypertension, vision problems, poor renal function, dizziness, diabetes, and insulin dependence.

8. Guardian denied benefits on the basis of a pre-existing condition exclusion. This exclusion was improperly applied, as multiple disabling conditions were not suspected or diagnosed until Mr. Domino stopped working.

9. Gulf Coast is liable under ERISA for giving inaccurate and incomplete information to claims reviewers for Guardian, as well as failure to maintain and provide a summary plan description stating the effective date of long-term disability coverage and outlining the pre-existing exclusion. Mr. Domino does not recall ever receiving a summary plan description when he became covered by the plan, and a copy was not provided until multiple requests were made by Mr. Domino's counsel.

10. Mr. Domino has exhausted administrative remedies when applicable.

11. Defendants failed to provide Domino with a full and fair review of his claim for benefits.

12. Defendants have lost the right to claim discretion to interpret the Plan or exercise discretion in determining eligibility for benefits due to the failure to follow ERISA procedural requirements and failure to provide a summary plan description stating the standard of review. The standard of review should therefore be de novo.

13. The Defendants were motivated by financial conflict of interest when they denied Domino's claim for benefits.

14. The decision to deny Domino's benefits was wrongful, unreasonable, and irrational, contrary to the substantial evidence, contrary to the plain contractual terms of the Plan, and contrary to law.

15. Due to the unlawful denial/termination of benefits under ERISA, Plaintiff has lost his rightful long- term disability benefits.

## FIRST CAUSE OF ACTION

(Enforcement of Terms of Plan and Action for Unpaid Benefits)

16. Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

17. The Plan is a contract.

18. Domino has performed all of his obligations under the contract.

19. 29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

   a. by a participant or beneficiary –

   i. For the relief provided for in subsection (c) of this section, or

   ii. to recover benefits due to him under the terms of the Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

20. The Defendants' actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

21. Defendant Guardian unlawfully denied Domino's benefits in part by: (1) rejecting the substantial evidence supporting Plaintiff's claim; and (2) denying Domino a full and fair review the decision to deny benefits.

18. In accordance with 29 U.S.C. §1132, Domino is entitled to be paid benefits under the Plan based upon his disabled status during his period of disability and ongoing.

19. The Defendants have refused to provide Domino with these disability benefits and are, therefore, in breach of the terms of the Plan and ERISA.

20. As a direct and proximate result of this breach, Domino has lost the principal and the use of his rightful long-term disability benefits.

## SECOND CAUSE OF ACTION

(Breach of Fiduciary Duty)

21. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

22. In the event the Court finds Domino is unable to recover under ERISA § 502(a)(1)(b), he makes an alternative claim against Gulf Coast under ERISA § 502(a)(3) for breach of fiduciary duty for giving inaccurate and incomplete information to claims reviewers for Guardian and failure to maintain and provide a summary plan description stating the effective date of long-term disability coverage, outlining the pre-existing exclusion, and stating the standard of review for claims decisions.

23. Plaintiff makes an alternative claim for breach of fiduciary under ERISA § 502(a)(3) against Guardian for failing to square its reding of the plan with a summary plan description and failure to establish a claims procedure which would result in a fair review of Domino's claim for

benefits.

24. Plaintiff seeks all remedies available to him under ERISA § 502(a)(3) to remedy these breaches of fiduciary duty, including but not limited to: equitable surcharge, injunction, reformation of the Plan, accounting, and disgorgement.

## THIRD CAUSE OF ACTION

(Penalties Pursuant to ERISA )

25. Plaintiff seeks penalties under 29 U.S.C. § 1132(c) against Gulf Coast, the Plan administrator, for failure to provide an ERISA-compliant summary plan description within 90 days of Mr. Domino becoming covered by the Plan and failure to provide a copy of a summary plan description and plan document within 30 days after it was requested in writing by Mr. Domino's attorney.

26. Plaintiff seeks penalties of $110 per day for failure to provide a summary plan description within the timeliness provided for in Department of Labor Regulations and failure to timely provide a plan document and summary plan description on written request.

## FOURTH CAUSE OF ACTION

(Attorneys' Fees and Costs)

27. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

28. Under the standards applicable to ERISA, Domino deserves to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to ERISA, § 502(g)(1).

29. Defendants have the ability to satisfy the award.

30. Defendants acted in bad faith in denying Plaintiff's benefits under the Plan.

31. The award of attorneys' fees against Defendants will deter the Defendants and similarly-situated ERISA fiduciaries from committing the same violations of ERISA that are present in

this case.

PRAYER FOR RELIEF

32.     WHEREFORE, the Plaintiff respectfully prays that the Court:

a.     Declare, adjudge, and decree that Plaintiff is entitled to long-term disability benefits as calculated under the terms of the Plan for the pendency of disability;

b.     Award Plaintiff the full amount of unpaid benefits under the Plan to which he is entitled, together with such pre-suit and post-suit interest as may be allowed by law;

c.     Award Plaintiff all appropriate equitable relief to remedy the Defendants' breaches of fiduciary duty, including but not limited to equitable surcharge, injunction, reformation of the Plan, accounting, and disgorgement;

d.     Award Plaintiff penalties for failure to provide an ERISA-compliant summary plan description when Mr. Domino became covered under the Plan and failure to timely provide a summary plan description when requested in writing to do so;

e.     Award Plaintiff reasonable attorneys' fees and all costs of this action; and

f.     Award such other relief as the Court deems just and reasonable.


Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin
DAVID C. PELLEGRIN, T.A. (La. Bar #34957)
3500 North Hullen St. Suite 17D
Metairie, LA 70002
dpellegrin@pellegrinfirm.com
Phone: (504) 405-3245
Fax: 1-866-651-8738
Attorney for Plaintiff Douglas Domino, Sr.